Filed 11/20/20  In re A.O. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| In re A. O., a Person Coming Under the Juvenile Court Law. | C091509 C091915 |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>A. O.,<br><br>Defendant and Appellant. | (Super. Ct. Nos. JV140479, 52008780) |

A November 2018 Welfare and Institutions Code section 602 petition was filed in the Placer County Juvenile Court, alleging the minor, A. O., then 14 years old, committed battery with serious bodily injury (Pen. Code,[1] § 243, subd. (d) [count one]), a serious

---

[1]    Undesignated statutory references are to this code.

1

felony (§ 1192.7, subd. (c)(8)); assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4) [count two]), a serious felony (§ 1192.7, subd. (c)(8)), personally executed (§ 12022.7, subd. (a)), and a violent felony (§ 667.5, subd. (c)(8)); and conspiracy to commit a crime (§ 182, subd. (a)(1) [count three]), a serious felony (§ 1192.7, subd. (c)(8)), personally executed (§ 12022.7, subd. (a)), and a violent felony (§ 667.5, subd. (c)(8)). The minor was detained in this matter as of November 15, 2018.

At the detention hearing, the minor denied the allegations and was ordered to remain detained. He subsequently admitted to count one, as a misdemeanor, and the remaining two counts were dismissed in the interests of justice. He was released home on probation. Following the disposition hearing, the minor was ordered to remain at home on probation pursuant to a series of probation conditions and to serve 30 days of time in juvenile hall and was awarded 30 days of predisposition custody credits. The minor was also ordered to pay a restitution fine of $50 pursuant to Welfare and Institutions Code section 730.6, subdivision (b).

In November 2019, a second Welfare and Institutions Code section 602 petition was filed in the Sacramento County Juvenile Court alleging that the minor committed a lewd and lascivious act upon a child under the age of 14 (§ 288, subd. (a)), a serious felony (§ 1192.7, subd. (c)). The minor was detained. At the subsequent detention hearing, the minor was ordered to remain detained. A notice for violation of probation pursuant to Welfare and Institutions Code section 777 was also filed the same day in Placer County Juvenile Court. The minor denied the allegations against him. A first amended petition was filed adding a second count of the same violation to the petition. At the Welfare and Institutions Code section 790 determination hearing, the minor was determined by the court to be unsuitable for deferred entry of judgment.

At a contested jurisdiction hearing, the victim, a minor under the age of 14, testified that during what began as a mutual encounter, the minor put his hand inside of her pants far enough that he was able to insert his fingers inside of her while she

2

unsuccessfully pushed his arm away. At some point after this, she told the minor to "stop," but he did not stop, kept his hand where it was, told her, "shhh," and started kissing her again. The victim explained that at that point, the kissing was no longer mutual. The minor then had sexual intercourse with the victim. At some point, the victim told the minor to "stop" but he refused and continued. The victim then heard her brothers coming toward them and she tried to push the minor off of her, telling him, "Stop, get off." The minor responded by telling the victim, "Shhh. It's fine," and "continued to hump [her] harder," for approximately four to five more minutes. One of the victim's brothers testified that after looking for her, he found her crying and saw "a fright in her eyes." The following day, he overheard the minor bragging at school that he "fucked a ho last night -- over the weekend." The victim's cousin testified that the victim initially reported to her that she and the minor "had sex" but reported to her the day after the incident that she had been raped.

Following the contested jurisdiction hearing, the juvenile court found both counts true and sustained the first amended petition. The minor's case was transferred to Placer County for disposition. The violation of probation and disposition after a true finding by the Sacramento County Juvenile Court were set for a disposition hearing in the Placer County Juvenile Court. Concerning the violation of probation, the minor admitted to counts one, three, and four. Count two was dismissed in the interest of justice. Concerning the disposition for the true findings after both the contested jurisdiction hearing and the probation conditions violation, the juvenile court ordered the following: 145 days in juvenile hall with 145 days of predisposition custody credits. Otherwise, the minor was returned home on probation. Informal no contact orders were issued, and a restraining order after a noticed hearing was imposed. Restitution fines of $50 from the first petition and $100 from the second petition were imposed pursuant to Welfare and Institutions Code section 730.6, subdivision (b).

The minor filed a timely notice of appeal.

3

## DISCUSSION

We appointed counsel to represent the minor on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) The minor was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and the minor has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to the minor. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.


/s/_____
Robie, Acting P. J.



We concur:



/s/_____
Murray, J.



/s/_____
Hoch, J.

4